## J. B. McKnight and E. H. Carter v. S. J. Clark.

Decided June 30, 1900.

**State School Lands—Forfeiture.**

Under the statute authorizing an actual settler to purchase three sections of additional State school lands within a radius of five miles of the land on which he resides, and providing that if he, or his vendee, does not continue to reside for three years either on the original tract or on such additional lands, the purchase of the latter shall be forfeited, the purchase of a section of such additional lands is forfeited where the purchaser, within a year after the purchase, removes from the original tract to another section which he had leased, but had never attempted to purchase, although such purchaser and his vendor together had resided on the original tract for ten years prior to the purchase of such additional section. Sayles' Civ. Stats., art 4218fff.

Appeal from Childress. Tried below before Hon. G. A. Brown.

*Edward E. Diggs,* for appellants.

HUNTER, Associate Justice.—The nature and result of this suit is well and succinctly stated by appellant's counsel in his brief, and is as

follows: "This is an action of trespass to try title, brought by the appellee against appellants, for the recovery of a section of State school land, No. 38 in block No. 9, Houston & Great Northern Railway Company survey, in Childress County, located by virtue of certificate No. 1-19, issued to said railway company. The defendants answered by plea of general denial and not guilty, and the defendant J. B. McKnight, by a special plea in reconvention in the form of trespass to try title, prayed judgment against plaintiff S. J. Clark for the land in controversy. A jury trial having resulted in a verdict and judgment in favor of the plaintiff for the premises in controversy, appellants bring the cause to this court for revision."

The record discloses that the section in controversy was public school land, and had been duly classified by the Commissioner of the General Land Office as dry grazing land and placed on the market at $1 per acre. J. K. Harvey, being at the time the owner of the north half of section No. 5, Houston & Great Northern Railway Company survey in Childress County and a bona fide resident thereon, it not being public school land, but patented railroad land, on April 22, 1898, made application to the Commissioner to purchase said section 38 as additional land to his north half of section 5, at $1 per acre. The Commissioner duly awarded it to him upon said application on June 24, 1898. On March 14, 1899, Harvey sold to appellee Clark said north half of section 5, upon which he had resided for about ten years, and also sold his right to section 38, when Clark immediately moved upon the north half of section 5 and substituted his obligation to pay for No. 38 in lieu of Harvey's, which was accepted by the Commissioner.

The appellant McKnight was an actual settler upon section 42, block 9, Houston & Great Northern Railway Company public school land, which adjoins section 38 in controversy, and on July 8, 1899, made application to the Commissioner to purchase said No. 38, complying with the law in all respects, it seems. This application was filed in the General Land Office July 10, 1899. He had also duly applied to purchase said section on April 22, 1898, but, as before stated, the section was awarded to Harvey, upon his application made on the same day.

There is evidence tending to prove that on July 7, 1899, appellee removed from the north half of section 5 onto school section No. 6, which he held by lease from the State, and which, it seems, McKnight was trying or preparing to purchase from the State. Appellee's own testimony shows that he changed his residence to No. 6 to prevent McKnight from purchasing it, so that on the 8th day of July, 1899, the day McKnight made his application to purchase No. 38, and on the 10th, when this application was received in the Land Office, and up to the 17th of said month, Clark did not reside on his north half of section 5, but on the leased section No. 6, which he had not purchased nor had he applied to purchase it; and it is contended by appellant that his removal from No. 5 worked a forfeiture of his purchase of No. 38, and to the end that this issue should be determined, appellants' counsel asked the court to

instruct the jury as follows: "Unless you find that plaintiff Clark and his vendor, J. K. Harvey, have continuously resided upon and occupied said section No. 5 ever since J. K. Harvey made application to purchase section 38 in controversy, then you will find for defendants."

This instruction the court refused to give, but charged them, in effect, that in order to entitle appellee Clark to recover No. 38 he must establish that Harvey was an actual settler on the north half of section No. 5 at the time he made his application to purchase No. 38, and that if said Clark was also an actual settler on the north half of section No. 5 on the 14th day of March, 1899, the date of his application to purchase section No. 38 under the transfer from Harvey, then to find for Clark, but unless they so believed, to find for McKnight. The refusal to give the special charge asked, as above set out, is complained of here in a proper assignment of error, and we think it must be sustained.

Chapter 12a of title 87 of Sayles' Civil Statutes contains our law on the "Sale and Lease of Public Free School, Asylum, and Public Lands," and articles 4218f and 4218ff prescribe how an actual settler on public school land belonging to the State may purchase the section upon which he is such settler, and how he may purchase three additional sections from the State. It is then provided in article 4218fff how "any actual, bona fide owner of and resident upon any other lands contiguous to said lands or within a radius of five miles thereof, may also buy any of the aforesaid lands;" but that article further provides as follows: "But in such case a failure to reside upon either his other lands or upon a part of the additional lands so purchased by him, so as to make his ownership and occupancy thereof continuous for three years, shall work a forfeiture of such additional lands so bought from the State, unless he shall have sold his land to another who may and does complete a three years' continuous ownership and occupancy of and residence upon his said lands as above stated, and as is herein required of actual settlers."

This article, we think, entitles any actual bona fide owner of and resident upon any lands other than free school, asylum, or public lands to purchase three additional sections situated within the five-mile radius from the land he so owns and upon which he so resides, the same as if he had applied to purchase public school lands from the State in the first instance; but the question is, when his vendor had owned and resided upon the home tract for more than three years—as in this instance ten years—is he required to continue such occupancy and residence for three years or for any length of time after the making of his application and receiving the award, in order to avoid the forfeiture of his additional sections?

We are of opinion that this article 4218fff requires the owner of patented lands or his vendee who has applied to purchase other lands from the State, to continuously reside upon such patented land or on some portion of the land applied for, for three years after the application to purchase the additional land is made, and a failure to so reside thereon

works a forfeiture of the lands applied for, without any action of the Commissioner.

It is, in this case, a question of fact to be determined by the jury whether the appellee Clark continued to reside upon the north half of section 5 from the date of his purchase from Harvey, and if he did not, when he ceased to do so he forfeited his right to No. 38, and the charge asked therefore should have been given, as he must recover on the strength of his title.

For the error in refusing to give said charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*